In the Matter of BRUCE M. WRIGHT, Petitioner, v JUDICIARY RELATIONS COMMITTEE FIRST JUDICIAL DEPARTMENT et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Appellate Division of the Supreme Court in the First Judicial Department and upon the consent of this court) to prohibit the Judiciary Relations Committee from proceeding ·in excess of its jurisdiction. Petitioner is ·a Judge of the Criminal Court of the City of New York, having been appointed on February 13, 1970 for a term of 10 years. On December 10, 1974, petitioner was, with the required approval of the Presiding Justices of the First and Second Departments, assigned to the Civil Court of the City of New York by the city's Administrative Judge. The respondent committee, the Judiciary Relations Committee, First Judicial Department, was duly formed pursuant to 22 NYCRR Part 607 to investigate and take action respecting complaints received which concern the qualifications, conduct or fitness to perform of any judge serving solely in the First Judicial Department. The committee received a number of complaints concerning the petitioner and most were found lacking of any real merit. Other matters raised were deemed to be worthy of further inquiry and as part of that inquiry the petitioner's appearance before the committee was requested so that it might discuss certain named cases with him. The committee was primarily, but not exclusively, concerned with petitioner's bail decisions and his exercise of discretion and the standards which he employed as a basis for his decisions and whether or not there was compliance with CPL 510.30. In response, the petitioner commenced an article 78 proceeding requesting that the committee be commanded to cease investigation of the petitioner upon two grounds; first, that the jurisdiction of the Judiciary Relations Committee had been pre-empted by the Temporary State Commission on Judicial Conduct pursuant to section 40 *et seq.* of the Judiciary Law and, second, upon the further ground that the committee did not have jurisdiction to inquire into petitioner's bail policies in the named cases. Inasmuch as the matter before the Judiciary Relations Committee has been disposed

of without affirmative action, the proceeding has been rendered moot. Petition dismissed, as moot, without costs. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.